FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

16 APR -5 PM 5: 10

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| | ) | |
| v. | ) | Violations: Title 18, United States Code, Section 1343 |
| KAREN P. STANLEY | ) | |
| | ) | |

**INDICTMENT**

The Grand Jury charges:

1:16-cr-0069 SEB -DKL

1. At times material to this indictment:

    a. Defendant KAREN P. STANLEY was the Clerk Treasurer for the Town of Kennard, Indiana, in Henry County, which is located in the Southern District of Indiana ("Kennard").

    b. Between 2012 and 2015, STANLEY was a salaried employee for Kennard, and the Board for the Town of Kennard ("the Board") had approved an annual salary for STANLEY of $16,500. As such, STANLEY was authorized to receive bi-monthly payroll checks in the amount of approximately $687.50.

    c. As Clerk Treasurer, STANLEY was entrusted with managing Kennard's payroll for its employees, paying Kennard's taxes, collecting and paying Kennard's utility bills, and maintaining Kennard's accounting books and ledgers. STANLEY had access to Kennard's payroll and accounts payable systems, and had access to and signature authority for Kennard's bank account at Star Financial Bank, in Shirley, Indiana.

    d. As part of her duties as Kennard's Clerk Treasurer, STANLEY was required to attend the Board's monthly meetings that took place at the Kennard Town Hall in Kennard, Indiana. In preparation for the monthly Board meeting, STANLEY prepared an expense report

detailing Kennard's earnings and expenditures for that month, including Kennard's payroll for its employees. During the monthly Board meeting, STANLEY presented the expense report to the Board for its approval. The Board entrusted STANLEY to honestly and accurately prepare and maintain the expense reports, and to honestly and accurately report Kennard's earnings and expenses to the Board. The Board relied on STANLEY's representations regarding Kennard's expenses and expenditures, including the government payroll, when it decided whether to approve that month's expense report. Once the Board approved the monthly expense report, STANLEY was authorized to draw funds from Kennard's bank account to pay its employees and its bills.

2. Beginning in or about December 2012, and continuing until in or about October 2015, in the Southern District of Indiana, Indianapolis Division, and elsewhere,

KAREN P. STANLEY,

defendant herein, devised, intended to devise, and participated in a scheme to defraud Kennard, and to obtain money and property from Kennard by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme is further described below.

3. It was part of the scheme that STANLEY falsely represented in Kennard's payroll system that she was entitled to a salary in the amount of $33,000 per year, when she was not, resulting in unauthorized increases in her bi-monthly paychecks. STANLEY presented falsified expense reports that included the unauthorized payroll amounts to the Board for approval at its monthly meetings. As a result of STANLEY's false representations in Kennard's payroll system, the expense reports, and to the Board, STANLEY received approximately $80,160 in unauthorized payroll payments from Kennard. Between 2012 and 2015, STANLEY deposited at least 58

2

payroll checks that she had fraudulently received from Kennard's bank account at Star Financial Bank in Shirley, Indiana, to her personal checking account at Huntington Bank, of Columbus, Ohio. In total, STANLEY received $80,160 in unauthorized payroll payments from Kennard.

4. It was further part of the scheme that STANLEY did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

## COUNT ONE

5. Paragraphs 1 through 4 of the General Allegations in this indictment are incorporated here.

6. On or about December 3, 2012, in the Southern District of Indiana, Indianapolis Division, and elsewhere,

KAREN P. STANLEY,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a deposit in the amount of approximately $1,192.37 in funds from the Town of Kennard's bank account at Star Financial Bank, to defendant's personal checking account at Huntington Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

7. Paragraphs 1 through 4 of the General Allegations in this indictment are incorporated here.

8.  On or about May 10, 2013, in the Southern District of Indiana, Indianapolis, Division, and elsewhere,

KAREN P. STANLEY,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a deposit in the amount of approximately $1,169.87 in funds from the Town of Kennard's bank account at Star Financial to defendant's personal checking account at Huntington Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

9.  On or about August 7, 2013, in the Southern District of Indiana, Indianapolis, Division, and elsewhere,

KAREN P. STANLEY,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a deposit in the amount of approximately $2,227.74 in funds from the Town of Kennard's bank account at Star Financial Bank to defendant's personal checking account at Huntington Bank;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

10. The allegations of Counts One through Three are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

11. As a result of the violations as alleged in Counts One through Three of the foregoing indictment,

### KAREN P. STANLEY,

defendant herein, shall forfeit to the United States any and all right, title, and interest she may have in any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses charged in Counts One through Three.

12. The interests of defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code, Section 2461(c), include but are not limited to approximately $80,160.

13. If any of the forfeitable property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; the United States of America shall be entitled to forfeiture of substitute property pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c);

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

FOREPERSON

JOSH J. MINKLER
United States Attorney

By: Tiffany J. McCormick
Assistant United States Attorney